**Proskauer**  Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

December 24, 2013

Martin J Bienenstock
Member of the Firm
d 212.969.4530
f 212.969.2900
mbienenstock@proskauer.com
www.proskauer.com

By Email

Honorable Richard J. Sullivan, United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

Re:  *Lehman Brothers Special Financing Inc. v. Federal Home Loan Bank of Cincinnati,*
     Case No. 13-cv-4121

Dear Judge Sullivan:

As attorneys for Federal Home Loan Bank of Cincinnati ("FHLB") in the above-referenced adversary proceeding, we respond to the letter from counsel to Lehman Brothers Special Financing Inc. ("LBSF"), dated December 23, 2013 (the "LBSF Letter").

After Your Honor advised all parties that the briefs enabled the Court to rule without further argument, LBSF sent its November 5 and 12, and December 23 letters.

LBSF's cites *In re Lehman Brothers Holding Inc.*, ___ B.R. ___, 2013 WL 6633431 (S.D.N.Y., December 17, 2013)(Slip op.).  That decision actually supports the granting of FHLB's reference withdrawal motion for several reasons.  First, although LBSF highlights Judge Schofield's referral of the matter to the Bankruptcy Court for a report and recommendation, LBSF omits disclosure of what the matter is!  As Judge Schofield points out, the issues were "avoidance actions and challenges to priority," (Slip op. at 3), which are inherently bankruptcy issues arising in a core proceeding.  By contrast, the matter before Your Honor has no bankruptcy issues and is a noncore proceeding.  There is no basis in the decision to impose on FHLB the requirement to try the matter once before the Bankruptcy Court and again on *de novo* review in the District Court at the request of the losing party.

Denial of reference withdrawal here would be diametrically opposite to the Second Circuit's teaching that "the fact that a bankruptcy court's determination on non-core matters is subject to *de novo* review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court. Conversely, hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993).  Significantly, there are no bankruptcy issues in the instant noncore matter and the Bankruptcy Court has never ruled on the nonbankruptcy issues.

Second, LBSF reports that "while acknowledging Judge Peck's impending

Proskauer»

Honorable Richard J. Sullivan
December 24, 2013
Page 2

retirement, Judge Schofield nevertheless referred the case back to the Bankruptcy Court..." LBSF Letter at 1. LBSF omits that Judge Schofield expressly asked Bankruptcy Judge Peck to provide a report and recommendation before he departs the bench on January 31, 2014. Slip op. at 3n.2. In the instant matter that would be impossible. Likewise, the LBSF brief's eight-page reliance on Judge Peck's experience in the Lehman cases is now yet another reason to grant reference withdrawal.

LBSF's second citation is to *dicta* written by Bankruptcy Judge Peck in *Lehman Brothers Holdings Inc. v. Intel Corp.*, ___ B.R. ___, 2013 WL 6671557 (Bankr. S.D.N.Y. Dec. 19, 2013)(Slip op). Notably, the issue there was whether LBSF failed to state a claim on two bankruptcy counts in its complaint. Whether the Bankruptcy Court or District Court should hear the remaining nonbankruptcy count was not an issue. Nevertheless, after Judge Peck dismissed the first two counts, he pondered the parties' gaming, raised an issue not in front of him, and wrote that "[r]egardless of whether a particular matter is core or non-core...it is efficient and sensible for "all disputes involving swap agreements" in the Lehman cases to be handled in the bankruptcy court. Slip op. at 6. Clearly, no party in interest in the Lehman cases, including FHLB, were given any notice or opportunity to be heard on the issue.

LBSF concedes that Judge Peck then requested Intel Corp. to consent, Slip op. at 6, and, of course, it does not have to consent. Absent consent, it would not be more efficient for the Bankruptcy Court to hear the matter because there would be a *de novo* review in the District Court. Judge Peck also did not get into whether consent is constitutional, an issue currently slated for decision by the United States Supreme Court, as explained in FHLB's reply brief.

More importantly, Judge Peck's *dicta* is objectionable on many fronts. First, the Second Circuit holds: "A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn...." *Orion* at 1101. We submit it is no longer within the Bankruptcy Court's power to opine the core-noncore distinction does not matter in the Lehman cases. That is tantamount to saying FHLB and other litigants have no rights to litigate a matter once, rather than twice, including when there are no bankruptcy issues involved and regardless of what the Second Circuit says. To avoid overlooking the obvious, it is relevant that Congress directed all reference withdrawal motions to the District Court, and not to the Bankruptcy Court. 28 U.S.C. § 157(d).

Second, Judge Peck did exactly what the U.S. Supreme Court cautions against, namely deciding more than the case or controversy in front of the court for which litigants briefed only the facts and issues in the case. "In general, courts should think hard, and then think hard again, before turning small cases into large ones." *Camreta v. Greene*, 131 S. Ct. 2020, 2031 (2011).

Third, Judge Peck offers no explanation of why it is efficient or sensible to impose double time and expenses on the litigant. Perhaps his request for Intel Corp. to consent was a concession that the Bankruptcy Court should not hear the matter absent consent. We'll never know because none of these issues were actually before Judge Peck or could be.

# Proskauer»

Honorable Richard J. Sullivan
December 24, 2013
Page 3

For the foregoing reasons, FHLB respectfully submits the facts in the LBSF Letter add to the cause for granting FHLB's reference withdrawal motion.

Respectfully,

Martin J. Bienenstock

cc:

Jayant W. Tambe
Lisa G. Laukitis
Benjamin Rosenblum
Bart Green
Stephen L. Ratner
Philip M. Abelson
W. Timothy Miller
W. Stuart Dornette