**Proskauer»**   Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

March 21, 2014

Martin J. Bienenstock
Member of the Firm
d 212.969.4530
f 212.969.2900
mbienenstock@proskauer.com
www.proskauer.com

By Email

**Honorable Richard J. Sullivan, United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007**

Re:   *Lehman Brothers Special Financing Inc. v. Federal Home Loan Bank of Cincinnati*,
Case No. 13-cv-4121

Dear Judge Sullivan:

As attorneys for Federal Home Loan Bank of Cincinnati ("FHLB") in the above-captioned matter, we write in connection with Your Honor's March 17, 2014 order (the "Order") denying FHLB's motion to withdraw the reference (the "Motion") of the adversary proceeding filed against FHLB by Lehman Brothers Special Financing Inc. As we are not seeking any relief in connection with the Order, we are sending this letter instead of filing a motion.

We write because we believe the Order unfairly characterized as "spurious" and without authority FHLB's position that whether litigants can constitutionally consent to adjudication of a non-core matter by an Article I court is uncertain. The Order also provides (at footnote 4): "Indeed, 28 U.S.C. § 157(c)(2) explicitly allows parties to consent to final adjudication by the bankruptcy court, and the Court is not aware of – and FHLB has not cited – any authority questioning that provision's constitutionality."

As referenced in FHLB's Motion[1] and reply[2], as well as FHLB's letter to Your Honor on December 24, 2013[3], the Sixth Circuit Court of Appeals in Waldman v. Stone, 698 F.3d 910, 917-918 (6th Cir. 2012) held that litigants cannot by consent grant an Article I bankruptcy court power to resolve issues requiring Article III judicial power because Article III safeguards the separation of powers among branches of government (as well as litigants' liberty rights) and is therefore not the private litigant's right to waive. Waldman cites Commodity Futures Trading Comm'n v. Schor, 478 U.S. 833 (1986) in

---

[1] Docket No. 1 (p. 6, fn. 12).

[2] Docket No. 15 (p. 11, fn. 16).

[3] Docket No. 25 (p. 2).

# Proskauer»

March 21, 2014
Page 2

support of its ruling.[4]

After Waldman, two other circuit courts followed suit. See BP RE, L.P. v. RML Waxahachie Dodge, L.L.C. (In re BP 9 RE, L.P.), 2013 WL 5975030 (5th Cir. Nov. 11, 2013); Frazin v. Haynes & Boone, L.L.P. (In re Frazin), 732 F.3d 313, 320 n.3 (5thCir. 2013); Wellness Int'l Network Ltd. v. Sharif, 727 F.3d 751, 767-773 (7th Cir. 2013). Indeed, that issue is now *sub judice* before the United States Supreme Court in Executive Benefits Insurance Agency v. Arkison, 133 S. Ct. 2880 (2013).

We understand this point was not determinative of Your Honor's ruling, but are hopeful the Court may correct footnote 4 to eliminate criticism of FHLB's position and to correct its erroneous assertion that FHLB did not cite any authority supporting its position.

Respectfully,

*/s/ Martin Bienenstock/pma*

Martin J. Bienenstock


cc: Stephen L. Ratner
    Philip M. Abelson
    W. Timothy Miller
    W. Stuart Dornette
    Jayant W. Tambe
    Lisa G. Laukitis
    Benjamin Rosenblum
    Bart Green

---

[4] Waldman at 918:

> 'Article III could neither serve its purpose in the system of checks and balances nor preserve the integrity of judicial decisionmaking if the other branches of the Federal Government could confer the Government's 'judicial Power' on entities outside Article III.' Stern, 131 S. Ct. at 2609. Article III envisions--indeed it mandates--that the judicial Power will be vested in judges whose tenure and salary are protected as set forth in that Article. To the extent that Congress can shift the judicial Power to judges without those protections, the Judicial Branch is weaker and less independent than it is supposed to be. See Schor, 478 U.S. at 850 (Article III 'safeguards the role of the Judicial Branch in our tripartite system by barring congressional attempts to transfer jurisdiction to non-Article III tribunals for the purpose of emasculating constitutional courts'). Waldman's objection thus implicates not only his personal rights, but also the structural principle advanced by Article III. And that principle is not Waldman's to waive....